## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

_____

GREEN PLAINS OTTER TAIL, LLC,                   Case No. _____

                                                **COMPLAINT**

                            Plaintiff,

        v.                                      **JURY TRIAL DEMANDED**

PRO-ENVIRONMENTAL, INC.

                            Defendant.

_____

Now Comes Plaintiff, Green Plains Otter Tail, LLC ("Green Plains Otter Tail"), by and through its attorneys, and for its Complaint against Defendant, Pro-Environmental, Inc. ("Pro-Environmental"), states as follows:

### NATURE OF ACTION

This is a negligence and products liability action brought by the owner of an ethanol production facility to recover damages to the facility and its equipment that occurred after a fire and explosion. The fire and explosion were the direct and proximate result of defendant's negligence and a defective and unreasonably dangerous regenerative thermal oxidizer that was designed, manufactured, distributed and/or sold by defendant.

### THE PARTIES

1.      At all times relevant, Plaintiff Green Plains Otter Tail was a limited liability company duly organized and existing under the laws of the State of Delaware,

wholly owned by Green Plains Processing LLC, also a limited liability company duly organized and existing under the laws of the State of Delaware, which, in turn, is wholly owned by Green Plains, Inc., a corporation duly organized and existing under the laws of the State of Iowa with its principal place of business in Omaha, Nebraska.

2.      At all times relevant, Defendant Pro-Environmental, Inc. was a California corporation in the business of, among other things, designing, manufacturing, distributing and/or selling air pollution control systems and with its principal place of business located at 10134 6th Street, Rancho Cucamonga, California.

## JURSIDICTION AND VENUE

3.      This Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. § 1332.

4.      Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) as it is the judicial district in which a substantial part of the events or omissions giving rise to this claim occurred.

## FACTUAL ALLEGATIONS

5.      Green Plains Otter Tail owns and operates a 55 million gallon per year dry mill corn-to-fuel ethanol production facility (the "Plant") located at 24096 170th Avenue, in Fergus Falls, Minnesota.

6.      The Plant utilizes a large natural gas fired rotary drum dryer and a natural gas fired regenerative thermal oxidizer ("RTO").  The RTO collects and burns vapors from the dryer exhaust duct and uses a group of dampers to divert vapors to appropriate chambers in the RTO where air pollutants and organic compounds are

burned off.  The RTO also has a dump (vent) stack damper and an isolation damper which are powered by the RTO's skid-mounted hydraulic system.  In the event of a power outage or other emergency or shutdown, the dump stack damper should automatically move to the open position allowing heated vapor and gases from the RTO to escape to atmosphere, and the isolation damper should close, preventing heated gases and vapors from entering the duct work to the dryer.

7.     Prior to March 10, 2014, Defendant Pro-Environmental designed, manufactured, distributed and/or sold the RTO and its related equipment, which was installed at the Plant.

8.     At all times relevant, the RTO and its related equipment were being operated in their intended manner and were in substantially the same condition as when Pro-Environmental designed, manufactured, distributed and/or sold the RTO and its related equipment.

9.     On or about March 10, 2014, the RTO experienced a high temperature failure and alarm.   Green Plains Otter Tail personnel quickly investigated and discovered that a rubberized coupling in the RTO's skid-mounted hydraulic system had failed, resulting in a loss of hydraulic pressure.  The RTO's dump stack damper and isolation damper then hydraulically locked into the open and closed positions, respectively, which were the opposite positions of where they should have been in the event of an RTO failure.

10.     Shortly thereafter, a fire and explosion occurred in the dryer, severely damaging the RTO and surrounding property and requiring a shutdown of the Plant. Total damages are approximately $19,983,560.00.

## COUNT I
## (NEGLIGENCE)

11.     Plaintiff re-alleges and re-adopts paragraphs 1 through 10 above as though set forth fully herein as paragraph 11 of Count I.

12.     At all times relevant, Pro-Environmental owed Green Plains Otter Tail a duty to exercise reasonable care and caution in the design, manufacture, distribution and/or sale of the RTO and its related equipment so as to avoid harming the person, property or business of Green Plains Otter Tail.

13.     On or before March 10, 2014, Pro-Environmental was negligent and breached the aforementioned duty in one or more of the following respects:

a.      Failed to provide an adequate alarm to the Plant operators to indicate when there was a failure of the RTO's skid-mounted hydraulic system;

b.      Failed to include a backup hydraulic pump or motor for the RTO's skid-mounted hydraulic system in the event of a hydraulic pump or motor failure; and

c.      Failed to provide adequate instructions and warnings for Plant personnel to periodically inspect, monitor and maintain the skid-mounted hydraulic system.

14.     As a direct and proximate result of one or more of the aforementioned negligent acts or omissions by Pro-Environmental, the fire and explosion occurred at the Plant causing significant damage to the Plant, the RTO and its surrounding equipment.

4

## COUNT II
## (PRODUCT LIABILITY)

15.     Plaintiff re-alleges and re-adopts paragraphs 1 through 10 above as though set forth fully herein as paragraph 15 of Count II.

16.     Prior to March 10, 2014, and at the time the RTO and its related equipment left the control of Pro-Environmental, the RTO and its related equipment were defective and unreasonably dangerous in that they were designed, manufactured, distributed and/or sold:

    a.    Without an adequate alarm to the Plant operators to indicate when there was a failure of the RTO's skid-mounted hydraulic system;

    b.    Without a backup hydraulic pump or motor for the RTO's skid-mounted hydraulic system in the event of a hydraulic pump or motor failure; and

    c.    Without adequate instructions and warnings for Plant personnel to periodically inspect, monitor and maintain the skid-mounted hydraulic system.

17.     As a direct and proximate result of one or more of the foregoing defective and unreasonably dangerous conditions, the fire and explosion occurred at the Plant causing significant damage to the Plant, the RTO and its surrounding equipment.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Green Plains Otter Tail, on behalf of itself, and all others similarly situated, prays for judgment as follows:

1.     Respectfully requests judgment in its favor and against Defendant Pro-Environmental for approximately $19,983,560.00, plus costs, interest and any other further relief deemed appropriate by this Court.

## JURY DEMAND

Plaintiff, on behalf of itself and all others similarly situated, hereby demands a trial by jury in this case as to all issues so triable.

Dated:  February 16, 2016                By:   /s/  Scott G. Johnson
                                               Scott G. Johnson (#17614X)
                                               A. Elizabeth Burnett (#0391009)
                                               **Robins Kaplan LLP**
                                               800 LaSalle Avenue, Suite 2800
                                               Minneapolis, MN  55402
                                               Telephone:  (612) 349-8500
                                               Facsimile:   (612) 339-4181
                                               E-Mail:  sjohnson@robinskaplan.com


                                               Michael L. Foran (Pro Hac Vice Pending)
                                               Brian G. Cunningham (Pro Hac Vice Pending)
                                               **FORAN GLENNON PALANDECH PONZI & RUDLOFF, PC**
                                               222 North LaSalle Street, Suite 1400
                                               Chicago, Illinois 60601
                                               Telephone: (312) 863-5000
                                               Facsimile:  (312) 863-5099
                                               E-mail: mforan@fgppr.com
                                                   bcunningham@fgppr.com

                                               *Attorneys for Plaintiff*